1  Michael P. Lehmann (Bar No. 77152)
   Christopher L. Lebsock (Bar No. 184546)
2  Bonny E. Sweeney (Bar No. 176174)
   Bruce J. Wecker (Bar No. 78530)
3  Stephanie Y. Cho (Bar No. 291903)
   **HAUSFELD LLP**
4  44 Montgomery St.
   San Francisco, CA 94104
5  Phone: (415) 633-1908
   Fax: (415) 358- 4980
6

7  *Counsel for Plaintiff*

8  [Additional Counsel on Signature Page]

9
                **UNITED STATES DISTRICT COURT**
10              **NORTHERN DISTRICT OF CALIFORNIA**

11 BEACH ROAD MUSIC LLC, individually and        No.
   on Behalf of All Others Similarly Situated,
12                                                **CLASS ACTION**
13                              Plaintiff,
                                                  **COMPLAINT FOR:**
          vs.
14                                                **1) VIOLATIONS OF CAL. CIV. CODE §
   RDIO INC.,                                     980(a)(2);**
15                              Defendant.
16                                                **2) UNLAWFUL BUSINESS ACTS AND
                                                  PRACTICES IN VIOLATION OF CAL.
17                                                BUS. & PROF. CODE §§ 17200 *ET SEQ.*;**
18
                                                  **3) COMMON LAW COPYRIGHT
19                                                INFRINGEMENT UNDER NEW YORK
                                                  AND FLORIDA COMMON LAW;**
20
                                                  **4) MISAPPROPRIATION UNDER
21                                                CALIFORNIA, NEW YORK AND
                                                  FLORIDA COMMON LAW;**
22
23                                                **5) CONVERSION UNDER CALIFORNIA,
                                                  NEW YORK AND FLORIDA COMMON
24                                                LAW; and**
25
                                                  **6) DECLARATORY RELIEF UNDER 28
26                                                U.S.C. § 2201 *ET SEQ.*.**
27
28

# I.    NATURE OF THE ACTION

1.    This putative class action involves all musical performances that were originally "fixed" – *i.e.*, recorded – prior to February 15, 1972 ("Pre-1972 Recordings") that are subject to California, New York, or Florida law.

2.    Since at least August of 2010, Rdio Inc. ("Rdio") has operated a service that streams music to consumers known as Rdio Music. Rdio Music is available on a consumer's internet browser and applications for computers and peripherals (*e.g.*, iPhones, iPods, iPads, and Android-based devices).

3.    In order to stream sound recordings on Rdio Music, Rdio has made copies of these sound recordings on its servers. Rdio Music streams Pre-1972 Recordings that Rdio has not obtained the recordings' owners' permission to stream and that Rdio has not paid royalties or licensing fees to the recordings' owners. Yet, Rdio has profited from its streaming of Pre-1972 Recordings in the form of subscription fees collected from its users and advertising revenue it collects from advertising partners.

4.    Rdio's streaming of Pre-1972 Recordings without a license: (a) violates California Civil Code § 980(a)(2) and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*., ("UCL"); (b) constitutes misappropriation and conversion under California, New York and Florida law; and (c) constitutes infringement of common law copyrights under New York and Florida law. Defendants' improper conduct also violates Florida's law prohibiting statutory theft (Fla. Stat. §812.014), which is redressable under Florida's civil theft statute (Fla. Stat. §772.11); an appropriate pre-filing demand in connection with this claim will be sent to Defendants. Plaintiff will amend this complaint to add a civil theft claim under Florida law if that demand is rejected.

5.    Plaintiff, Beach Road Music LLC ("Beach Road"), is the legal owner to a library of Pre-1972 Recordings ("Plaintiff's Recordings"), at least one of which Rdio as reproduced, distributed, or performed on Rdio Music without payment of royalties or licensing fees to Beach Road. Plaintiff brings this action on behalf of itself and all other similarly-situated owners of Pre-1972 Recordings that Rdio has reproduced, distributed, or performed on Rdio Music without

1  paying royalties or licensing fees.

2  **II.     THE PARTIES**

3       6.     Plaintiff Beach Road is a California-based, international multimedia rights-

4  management firm formed by Raphael Tisdale and Seth Berg, two former senior executives of a

5  major record label. Beach Road has its principal offices located in El Segundo, California. It

6  manages over 3,000 musical copyrights, recorded music rights, name and likeness rights,

7  trademarks, video assets, and life rights for the estates of Nat King Cole, Peggy Lee, and Bing

8  Crosby.

9       7.     Defendant Rdio is a Delaware corporation that is headquartered in San Francisco,

10  California. Rdio is a music service that offers over 32 millions songs in 85 countries worldwide.

11  **III.    JURISDICTION AND VENUE**

12       8.     The claims asserted herein arise under California Civil Code § 980(a)(2),

13  California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and California,

14  New York and Florida common law.

15       9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on

16  diversity of citizenship and the amount in controversy exceeding $75,000, exclusive of interests

17  and costs. This Court also has jurisdiction over this action pursuant to the Class Action Fairness

18  Act, 28 U.S.C. § 1332(d)(2)(A), as the matter in controversy exceeds $5,000,000, exclusive of

19  interest and costs, and at least one member of the putative Class is a citizen of a State different

20  from Defendant. Further, more than two-thirds of the putative Class reside in states other than

21  the State in which Defendant is domiciled and in which this case is filed, such that any

22  exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

23       10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because

24  Defendant is domiciled and transacts business within this district and a substantial part of the

25  events or omissions giving rise to the claims raised in this action occurred in this District.

26  **IV.    INTRADISTRICT ASSIGNMENT**

27       11.    Under Northern District of California Local Civil Rule 3-2(c), (d), and 3-5(b), this

28  action is properly assigned to the San Francisco or Oakland Division because the action arises in

San Mateo County in that a substantial part of the events or omissions giving rise to the claims raised in this action occurred in San Mateo County, where Rdio is domiciled. This action is related to Case No. 15-cv-00311-EDL, which has been filed in the San Francisco Division.

**V.    FACTUAL ALLEGATIONS**

12.    The facts in support of this action are based on Plaintiff's review of publicly-available information. Based on a review of these documents, and as described in greater detail herein, Plaintiff believes that discovery will result in the production of many more inculpatory documents within Defendant's sole possession, custody, or control.

**A.    State Copyright Law Regulates Pre-1972 Recordings**

13.    Under the 1972 Amendments of the United States Copyright Act, Congress provided that sound recordings "fixed" (*i.e.*, recorded) before February 15, 1972 are within the exclusive province of state law. *See* 17 U.S.C. § 301(c). Thus, state common and statutory law applies to these Pre-1972 Recordings.

14.    Plaintiff asserts claims under California, New York, and Florida law. Each of these state's protections for Pre-1972 Recordings is discussed in greater detail below.

*1.    California Copyright Law*

15.    The music industry is synonymous with California. The making and exploitation of sound recordings in California employs tens of thousands of Californians and contributes millions upon millions of dollars to the state and local economies. California, in turn, has provided protections to owners of sound recordings for more than forty years against those who exploit these sound recordings without license or compensation.

16.    California common law has protected sound recordings for more than 40 years and California statutory law has protected sound recordings for more than 30 years.  California first recognized a property right in Pre-1972 Recordings in 1969. In 1982, the California legislature amended the state's civil code to statutorily provide for the protection of Pre-1972 Recordings as follows:

> The author of an original work of authorship consisting of a sound recording initially fixed prior to February 15, 1972, has an

exclusive ownership therein until February 15, 2047, as against all persons except one who independently makes or duplicates another sound recording that does not directly or indirectly recapture the actual sounds fixed in such prior sound recording, but consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate the sounds contained in the prior sound recording."

Cal. Civ. Code § 980(a)(2).

17. California law has never delimited, either expressly or impliedly, the scope of the common law or statutory protections afforded to Pre-1972 Recordings. Furthermore, California law does not exclude the right of public performance from the rights of "exclusive ownership" afforded to holders of Pre-1972 Recordings. Numerous recent court decisions in cases involving Pre-1972 Recordings have so held. "Civil Minutes" (Sept. 27, 2014) (Dkt. No.17) in *Flo & Eddie, Inc. v. Sirius XM Radio, Inc*., No.  2-13-cv-05693-PSG (RzX) (C.D. Cal); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No.  2-13-cv-05693-PSG (RzX), 2014 WL 6670201 (S.D.N.Y. Nov. 14, 2014), *on reconsideration*, 2015 WL 235241 (S.D.N.Y. Jan. 15, 2015); "Court's Ruling on Submitted Matter" (Oct. 14, 2014) in *Capitol Records LLC v. Sirius XM Radio, Inc*., No. BC520981 (Cal. Super. Ct., Los Angeles Cnty.).

18. Put simply, California's protections for sound recordings cover nearly any conduct by individual or entities that seek to profit from the exploitation of Pre-1972 Recordings for their own benefit, including unauthorized and unlicensed public performances and reproductions.

19. The broad protections afforded to Pre-1972 Recordings by California law are wholly consistent with California courts' and legislature's recognition that it is important for public policy to protect the owners of Pre-1972 Recordings from unauthorized exploitation of these recordings.

### 2.   *New York Copyright Law*

20. Just as with California law, New York law has not delimited, either explicitly or implicitly, the scope of common law protection for Pre-1972 Recordings, nor have New York courts excluded the right of public performance from the rights of owners in Pre-1972 Recordings.

21.     Instead, the New York cases explicitly recognize a common law copyright in Pre-1972 Recordings, whether or not they are published. *Capitol Records, Inc. v. Naxos of America, Inc.*, 4 N.Y.3d 540, 797 N.Y.S.2d 352, 830 N.E.2d 250 (2005); *Capitol Records, LLC v. Harrison Greenwich, LLC*, 44 Misc.2d 202, 984 N.Y.S.2d 274 (2014). As noted in *Harrison*, common law copyright infringement in New York is treated as being akin to a strict liability offense.

### 3.     *Florida Copyright Law*

22.     Courts in Florida have also recognized protectable common law copyrights in cases involving Pre-1972 Recordings. *CBS, Inc. v. Garrod*, 622 F.Supp. 532 (M.D. Fla. 1985). *See also SmokeEnders, Inc. v. Smoke No More, Inc.*, 1974 U.S. Dist. LEXIS 6183 (S.D. Fla. 1974) (discussing common law copyrights in another context).

### B.     **Plaintiff's Recordings**

23.     Some of the world's most popular artists and songs are Pre-1972 Recordings.

24.     Beach Road acquired master recordings of popular songs owned by Coed Records, Inc. ("Coed") in April of 2010. Coed was founded in New York City in 1958. Many of the songs on Coed became hit songs of the day, and between 1958 and 1965, Coed's biggest acts included the Crests, the Rivieras, the Duprees, the Harptones, Trade Martin and Adam Wade, among others.

25.     Among the hits of these artists were the Duprees' *You Belong to Me* and *Why Don't You Believe Me*; the Crests' *Sixteen Candles*, *The Angels Listened In*, *Pretty Little Angel*, and *Trouble in Paradise*. Coed's final singles were released in 1965.

26.     In January 2011, Beach Road released the album *From The Vault: The Coed Records Lost Master Tapes Volume 1*. Beach Road allows consumers to pay for the downloading of tracks of the Pre-1972 Recordings it owns or manages through internet portals with whom it has contractual relationships, such as www.last.fm, owned by CBS Interactive.

27.     Each of the above mentioned songs is currently available in Rdio's music catalog for on-demand streaming. On information and belief, Rdio has exploited such songs (and many

more) through its Rdio Music without license or payment to the owner(s) of these sound recordings.

**C.**    **Rdio Music**

28.     Since at least August of 2010, Rdio has operated Rdio Music.

29.     Rdio streams sound recordings to the United States public, including members of the public located in California, New York and Florida through Rdio Music. Such recordings include the Pre-1972 Recordings and Plaintiff's Recordings.

30.     In order to stream these sound recordings, Rdio has copied (and continues to copy) sound recordings, including Pre-1972 Recordings and Plaintiff's Recordings, to one or more of its servers or storage devices. These copies are then distributed to Rdio Music's users.

31.     Users of Rdio Music can access songs by selecting an album, genre, or by customizing a station. When users select an album, Rdio Music will stream the songs in that album. When users select a genre such as "70's Hits" or "60's Hits," Rdio Music will stream songs appropriate for that genre. Users who choose to "start a station" can select any song from Rdio Music's catalog to add into a customized playlist in which Rdio Music will stream in addition to other similar types of songs. The Pre-1972 Recordings identified above that belong to the Plaintiff are available to stream on Rdio Music.

32.     Rdio Music is available for myriad devices, including Mac OS and Windows-based computers and Apple OS and Android-based peripherals (*e.g.*, smart phones and tablets).

33.     Rdio provides Rdio Music for free as well as on a subscription basis. For $9.99 per month, subscribers get access to additional features such as no advertisements and the ability to listen to music offline.

34.     Rdio streams advertisements to non-subscribing, free users of Rdio Music. Rdio profits from its free service by collecting advertising revenue from advertising partners.

35.     In a press announcement, Rdio described its services as follows: "Rdio is the groundbreaking digital music service that is reinventing the way people discover, play, and share music. Play what you want, when you want, or turn on a station for a perfect mix of songs. Listen anywhere—the web, your phone, even offline—and follow friends and artists to see what

they're playing."[1] Further, Rdio's webpage markets Rdio as "one of the world's largest licensed music services [that] offers a catalog of over 32 million songs in 85 countries worldwide. Rdio's mission is to provide access to every song, on every device, anywhere in the world instantly, online or offline—tuned to you…Music fans can enjoy Rdio as either a free, personalized stations-first Internet radio experience or as a full on-demand subscription service."

36.     Rdio knows that it does not have any license, right, or authority to reproduce, perform, distribute, or otherwise exploit Pre-1972 Recordings, including Plaintiff's Recordings on Rdio Music.

37.     Rdio knows which of the recordings it reproduces, performs, distributes, or otherwise exploits through Rdio Music are Pre-1972 Recordings.

38.     Rdio refuses to obtain the necessary permissions to exploit Pre-1972 Recordings and to compensate the owners of these recordings for the use of their property even though Rdio (a) makes substantial profits on its exploitation of Pre-1972 Recordings, (b) promotes Rdio Music as making Pre-1972 Recordings available, and (c) recognizes that it must license and pay for the performance of post-1972 sound recordings exploited through Rdio Music.

## VI.     CLASS ACTION ALLEGATIONS

39.     This lawsuit is brought on behalf of Plaintiff individually and on behalf of all those similarly situated under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3). Plaintiff seeks relief on behalf of itself and members of a Class defined as follows:

> All owners of sound recordings or musical performances that were initially "fixed" on a physical medium (*i.e.*, recorded) prior to February 15, 1972 and whose sound recordings were reproduced, performed, distributed, or otherwise exploited by Rdio in the States of California, New York and Florida through its Rdio Music and for which Rdio had not received authorization or license to reproduce, perform, distribute, or otherwise exploit.

40.     Excluded from the Class are Defendant; any affiliate, parent, or subsidiary of

---

[1] *Rdio Acquires Dhingana with Plans to Launch in India*, Rdio Press, available at http://www.rdio.com/press/rdio-acquires-dhingana-with-plans-to-launch-in-india-/ .

1  Defendant; any entity in which Defendant has a controlling interest; any officer, director, or
2  employee of Defendant; any successor or assignee of Defendant.

3       41.    *Ascertainability*: The Class is readily ascertainable and is one for which records
4  should exist.

5       42.    *Numerosity*: Due to the nature of this case, Plaintiff believes that there are
6  hundreds to thousands of geographically dispersed Class members, the exact number and
7  identities being known to Defendant.

8       43.    *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class.
9  Plaintiff and the Class have sustained damages arising out of Defendant's exploitation of Pre-
10 1972 Recordings on Rdio Music without authorization or license, as alleged herein. The damages
11 and injuries of each member of the Class were directly caused by Defendant's wrongful conduct
12 in violation of California, New York and Florida law.

13      44.    *Commonality*: There are questions of law and fact common to the Class,
14 including, but not limited to the following:

15         a.    Whether Rdio reproduced, performed, distributed, or otherwise exploited
16      Pre-1972 Recordings on Rdio Music;

17         b.    Whether Rdio received authorization from owners of Pre-1972 Recordings
18      to reproduce, perform, distribute, or otherwise exploit the Pre-1972 Recordings on its
19      Rdio Music;

20         c.    Whether Rdio paid royalties or licensing fees to owners of Pre-1972
21      Recordings that it reproduces, performs, distributes, or otherwise exploits on Rdio Music;

22         d.    Whether Rdio's reproduction, performance, distribution, or other
23      exploitation of Pre-1972 Recordings on its Rdio Music constitutes violation of California,
24      New York and Florida law;

25         e.    Whether Rdio's conduct, as alleged herein, caused injury to Plaintiff and
26      the members of the Class;

27         f.    The appropriate measure of Classwide damages;

28         g.    The proper amount of punitive damages; and

1            h.      The appropriate nature of Classwide injunctive or equitable relief.

2          45.    **Adequacy**: Plaintiff will fairly and adequately protect the interests of the members

3 of the Class. Plaintiff's interests are aligned with, and not antagonistic to, those of the other

4 members of the Class, and Plaintiff has retained counsel competent and experienced in the

5 prosecution of class actions to represent it and the other members of the Class.

6          46.    **Predominance**: Questions of law or fact that are common to the members of the

7 Class predominate over any questions affecting only individual members of the Class.

8          47.    **Superiority**: A class action is superior to other available methods for the fair and

9 efficient adjudication of this controversy. The prosecution of separate actions by individual

10 members of the Class would impose heavy burdens on the courts and Defendant and would

11 create a risk of inconsistent or varying adjudications of the questions of law and fact common to

12 the Class. A class action, on the other hand, would achieve substantial economies of time, effort,

13 and expense, and would assure uniformity of decision as to persons similarly situated without

14 sacrificing procedural fairness or bringing about other undesirable results. Absent a class action,

15 it would not be feasible for the vast majority of the members of the Class to seek redress for the

16 violations of law herein alleged.

17 **VII.**    **CLAIMS FOR RELIEF**

18                                   **FIRST CLAIM FOR RELIEF**

19                 **Violation of California Civil Code § 980(a)(2)**

20          48.    Plaintiff realleges and incorporates herein by reference, as though fully set forth

21 here, all preceding paragraphs of this Complaint.

22          49.    Plaintiff brings this cause of action individually and on behalf of the Class.

23          50.    Under California Civil Code § 980(a)(2), Plaintiff and members of the Class

24 possess exclusive ownership interests in and to the Pre-1972 Recordings, including the

25 performances embodied in those recordings.

26          51.    Defendant, without authorization or license, reproduced, performed, distributed,

27 or otherwise exploited Pre-1972 Recordings, including Plaintiff's Recordings, through its Rdio

28 Music. As such, Defendant has infringed Plaintiff and the members of the Class's exclusive

ownership interests in the Pre-1972 Recordings in violation of California Civil Code § 980(a)(2).

52. As a direct and proximate cause of Defendant's violation of California Civil Code § 980(a)(2), Defendant has received and retained money and value that rightfully belongs to Plaintiff and the members of the Class.

53. As a direct and proximate cause of Defendant's violation of California Civil Code § 980(a)(2), Plaintiff and the members of the Class have been damaged in an amount to be determined at trial, but is likely to be tens of millions of dollars.

## SECOND CLAIM FOR RELIEF

### Unlawful And Unfair Business Acts and Practices in Violation of

### California Business & Professions Code §§ 17200, *et seq.*

54. Plaintiff realleges and incorporates herein by reference, as though fully set forth here, all preceding paragraphs of this Complaint.

55. Plaintiff brings this cause of action individually and on behalf of the Class.

56. California Business and Professions Code §§ 17200, *et seq.* prohibits acts of unfair competition, which mean and include any unlawful, unfair or fraudulent business practices.

57. Fair dealings with artists are matters of great public concern in California and elsewhere. As a society, we value creative expression, and accordingly foster and protect such expression through copyright, trademark and other intellectual property laws. Specifically applicable here is Senate Bill No. 1034, where the California Legislature determined that "the recording industry is an important industry to the State of California," and that "artistic labor is an important resource to the people of California that is vital to maintaining a healthy and vibrant recording industry."

58. As alleged herein, Defendant, without authorization or license, reproduced, performed, distributed, or otherwise exploited Pre-1972 Recordings, including Plaintiff's Recordings, through its Rdio Music. As such, Defendant has infringed Plaintiff's and the Class members' exclusive ownership interests in the Pre-1972 Recordings in violation of California Civil Code § 980(a)(2).

59.     As a result, Defendant's uniform policies, acts, omissions, and practices, among others, violate numerous provisions of California statutory and common law, including, but not limited to California Civil Code § 980(a)(2). Plaintiff reserves the right to allege other violations of law that constitute unlawful business acts or practices based upon the above-described conduct. Such conduct is ongoing and continues to this date.

60.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair competition and violations of law in that Defendant never paid Plaintiff and the Class for the exploitation of the Pre-1972 Recordings.

61.     Defendant's conduct also constitutes "unfair" business acts and practices because Defendant's practices have caused and are "likely to cause substantial injury" to Plaintiff and members of the Class which injury is not "reasonably avoidable" by Plaintiff and the Class and is "not outweighed" by the practices' benefits to Plaintiff and the Class.

62.     Alternatively, Defendant's conduct constitutes "unfair" business acts and practices because Defendant's practices are unfair under the legislatively declared policy of California Civil Code § 980(a)(2).

63.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair competition and violations of law in that Defendant failed to pay Plaintiff and the Class for the exploitation of Pre-1972 Recordings.

64.     Pursuant to California Business & Professions Code §17203, Plaintiff and the other Class members are therefore entitled to

(a)     An Order requiring Rdio to cease the acts of unfair competition alleged herein;

(b)     An Order enjoining Rdio from failing to account for royalties payable to Plaintiff and Class members for income derived from such licenses;

(c)     Full restitution of all monies paid to and retained by Rdio otherwise payable to Plaintiff and Class members, including, but not limited to, disgorgement pursuant to California Code of Civil Procedure § 384;

(d)     Interest at the highest rate allowable by law; and

CLASS ACTION COMPLAINT
- 11 -

(e)     The payment of Plaintiff's attorneys' fees and costs under, among other provisions of law, Cal. Code Civ. Proc. § 1021.5, or otherwise to the extent permitted by law.

<u>**THIRD CLAIM FOR RELIEF**</u>

**Misappropriation Under California, New York And Florida Law**

65.     Plaintiff realleges and incorporates herein by reference, as though fully set forth here, all preceding paragraphs of this Complaint.

66.     Plaintiff brings this cause of action individually and on behalf of the Class.

67.     Under California, New York and Florida law, Plaintiff and the members of the Class possess exclusive ownerships in and to the Pre-1972 Recordings, including the artistic performances embodied in those recordings.

68.     Plaintiff and the members of the Class (or their predecessors in interest) invested substantial time and money in developing the Pre-1972 Recordings that Defendant reproduced, performed, distributed, or otherwise exploited on Rdio Music.

69.     Because Defendant does not obtain licenses to the Pre-1972 Recordings, it does not incur any of the costs that a licensee would otherwise be obligated to pay in order to reproduce, perform, distribute, or otherwise exploit these recordings.

70.     Defendant has and continues to misappropriate for its commercial benefit the Pre-1972 Recordings through its Rdio Music.

71.     As a direct and proximate cause of Defendant's misappropriation, Defendant has received and retained money and value that rightfully belongs to Plaintiff and the Class.

72.     As a direct and proximate result of Defendant's violation of California, New York and Florida law, Plaintiff and the Class have been damaged in an amount to be determined at trial, but which is likely to be tens of millions of dollars.

73.     Defendant acted with oppression, fraud, or malice. Defendant's conduct was undertaken in conscious disregard of Plaintiff and other members of the Class's rights to the Pre-1972 Recordings. Accordingly, Plaintiff and the Class are entitled to punitive damages against Defendant in an amount sufficient to punish and make an example of Defendant and to discourage Defendant and others from engaging in the same or similar conduct in the future.

**FOURTH CLAIM FOR RELIEF**

**Conversion Under California, New York And Florida Law**

74.     Plaintiff realleges and incorporates herein by reference, as though fully set forth here, all preceding paragraphs of this Complaint.

75.     Plaintiff brings this cause of action individually and on behalf of the Class.

76.     By reproducing, performing, distributing, or otherwise exploiting the Pre-1972 Recordings on Rdio Music, Defendant has converted for its own use the Plaintiff and the Class's property rights in the Pre-1972 Recordings and has dispossessed Plaintiff and the Class of these rights.

77.     As a direct and proximate cause of its conversion, Defendant has received and retained money and value that rightfully belongs to Plaintiff and the Class.

78.     As a direct and proximate result of Defendant's violation of California, New York and Florida law, Plaintiff and the Class have been damaged in an amount to be determined at trial, but which is likely to be tens of millions of dollars.

79.     Defendant acted with oppression, fraud, or malice. Defendant's conduct was undertaken in conscious disregard of Plaintiff and other members of the Class's rights to the Pre-1972 Recordings. Accordingly, Plaintiff and the Class are entitled to punitive damages against Defendant in an amount sufficient to punish and make an example of Defendant and to discourage Defendant and others from engaging in the same or similar conduct in the future.

**FIFTH CLAIM FOR RELIEF**

**Copyright Infringement Under New York and Florida Law**

80.     Plaintiff realleges and incorporates herein by reference, as though fully set forth here, all preceding paragraphs of this Complaint.

81.     Plaintiff brings this cause of action individually and on behalf of the Class.

82.     The Pre-1972 Recordings are unique intellectual property subject to common law copyright protection under New York and Florida law.

83.     Plaintiff and Class Members are owners of valid common law copyrights or exclusive licenses in the Pre-1972 Recordings. They hold the exclusive rights to reproduce,

CLASS ACTION COMPLAINT

- 13 -

1   perform, distribute, or otherwise exploit the Pre-1972 Recordings, and to license or to refrain

2   from licensing others to do so.

3        84.    Plaintiff and the other Class Members have not authorized or licensed the

4   Defendant to reproduce, perform, distribute or otherwise exploit the Pre-1972 Recordings in any

5   manner. Defendant is not, and at all relevant times was not, entitled to or authorized to

6   reproduce, perform, distribute or otherwise exploit the Pre-1972 Recordings.

7        85.    Defendant has reproduced, performed, distributed or otherwise exploited

8   unauthorized copies of Pre-1972 recordings, including Plaintiff's recordings. Defendant's acts

9   constitute infringement of Plaintiff's and Class Members' common law copyrights in such

10  recordings and violate their exclusive rights therein.

11       86.    While the Plaintiff and Class Members have invested substantial time and money

12  in the development of their Pre-1972 Recordings, the Defendant has infringed their copyrights at

13  little or no cost and without license or authority. The Defendant has copied the Pre-1972

14  Recordings owned by Plaintiff and the Class Members and publicly performed these recordings

15  for subscribers in New York and Florida.

16       87.    Defendant has disregarded the Plaintiff's and Class Members' copyrights in and

17  exclusive ownership of their Pre-1972 Recordings. As a direct and proximate consequence of the

18  Defendant's copyright infringements, Plaintiff and the Class Members have been damaged.

19       88.    Defendant's conduct causes and continues to cause Plaintiff and the Class

20  Members great and irreparable injury that can neither be fully compensated nor measured

21  entirely in monetary value. The Plaintiff and the Class Members have no adequate remedy at law

22  and are entitled to temporary, preliminary and permanent injunctions that prohibit Defendant

23  from further violating Plaintiff's and the Class Members' rights in and exclusive ownership of

24  their Pre-1972 Recordings in New York and Florida.

25                  **SIXTH CLAIM FOR RELIEF**

26             **Declaratory Relief Under 28 U.S.C. § 2201 *et seq.***

27       89.    Plaintiff realleges and incorporates herein by reference, as though fully set forth

28  here, all preceding paragraphs of this Complaint.

90.     Plaintiff brings this cause of action individually and on behalf of the Class.

91.     An actual dispute has arisen between Plaintiff, putative class members and Defendant.

92.     Plaintiff contends that Defendant's present and future copying, public performance and exploitation of Plaintiff's and putative class members' Pre-1972 recordings without authorization or consent, and without compensation, violate California, New York and Florida law. By its conduct, Defendant disputes this contention.

93.     Plaintiff requests a judicial declaration of the rights and duties of the parties with regard to this dispute pursuant to 28 U.S.C. § 2201.

94.     Such a declaration is necessary and proper at this time under all the circumstances in order to resolve present and continuing disputes between the parties, to prevent further violations of Plaintiff's rights and to avoid a multiplicity of future actions.

95.     Plaintiff also seeks such further necessary of proper relief as permitted pursuant to 28 U.S.C. § 2202.

## VIII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

A.     That the Court certify and maintain this action as a class action and certify the Class defined above;

B.     That the Court declare Defendant's conduct, as detailed above, violates the law;

C.     That the Court permanently enjoin Defendant from, without license, reproducing, performing, distributing, or otherwise exploiting via Rdio Music Pre-1972 Recordings;

D.     That the Court permanently enjoin Defendant from infringing, misappropriating, or converting, directly or indirectly, Plaintiff and the Class's exclusive ownership interests in and to, including the artistic performances embodied therein, Pre-1972 Recordings, including without limitation by directly or indirectly reproducing, performing, distributing, or otherwise exploiting via Rdio Music the Pre-1972 Recordings.

E.     That the Court enter an order requiring Defendant to pay Plaintiff and the Class compensatory and punitive damages for those claims where such damages are available;

F. That the Court enter an order requiring Defendant to pay Plaintiff and the Class restitution so as to restore all funds acquired by means of any act or practice declared by this Court to be unlawful or unfair;

G. That the Court enter an order disgorging Defendant of all monies, revenues, and profits obtained by means of any act or practice declared by this Court to be unlawful;

H. That the Court enter an order requiring Defendant to pay punitive damages for those claims where such damages are available;

I. That the Court award Plaintiff and the Class the costs to investigate and prosecute this lawsuit and reasonable attorneys' fees and expenses as authorized by law;

J. That the Court award pre-judgment and post-judgment interest at the legal rate; and

K. That the Court enter an order affording such other and further legal and equitable relief as this Court may deem just and proper.

## IX. **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: February 13, 2015 /s/ *Michael P. Lehmann*

Michael P. Lehmann (State Bar No. 77152)
*mlehmann@hausfeld.com*
Christopher L. Lebsock (State Bar No. 184546)
*clebsock@hausfeld.com*
Bonny E. Sweeney (State Bar No. 176174)
*bsweeney@hausfeld.com*
Bruce J. Wecker (State Bar No. 78530)
*bwecker@hausfeld.com*
Stephanie Y. Cho (State Bar No. 291903)
*scho@hausfeld.com*
**HAUSFELD LLP**
44 Montgomery St.
San Francisco, CA 94104
Phone: (415) 633-1908
Fax: (415) 358-4980

Michael D. Hausfeld (*pro hac vice*)
*mhausfeld.hausfeld.com*
James J. Pizzirusso (*pro hac vice*)
*jpizzirusso@hausfeld.com*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nathaniel C. Giddings (*pro hac vice*)
*ngiddings@hausfeld.com*
**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Phone: (202) 540-7200
Fax: (202) 540-7201

*Counsel for Plaintiff*